NO SUMMONS ISSUED

SLR:BDM:MDH
F#2013V01575

CV 13-5684

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

          Plaintiff,

       -against-

APPROXIMATELY FOUR HUNDRED FORTY-ONE
THOUSAND THREE HUNDRED FORTY DOLLARS
AND THIRTY-NINE CENTS ($441,340.39) SEIZED
FROM TD BANK, N.A. ACCOUNT NUMBER
7928417596 HELD IN THE NAME OF AMERICANA
TICKETS NY, LLC, AND ALL PROCEEDS
TRACEABLE THERETO.

          Defendant *In Rem*.

-------------------------------------------------------------------X

**VERIFIED COMPLAINT**
*IN REM*

Civil Action No.

**GARAUFIS, J.**

     Plaintiff, United States of America, by its attorney, LORETTA E. LYNCH, United States

Attorney for the Eastern District of New York, Melanie D. Hendry, Assistant United States

Attorney, of counsel, alleges upon information and belief as follows:

## NATURE OF THE ACTION

     1.    This is a civil action *in rem* to forfeit and condemn to the use and benefit of the

United States of America the above-captioned defendant funds, approximately $441,340.39

seized on or about July 8, 2013, from TD Bank, N.A. account number 7928417596 held in the

name of Americana Tickets NY, LLC (the "Subject Account"), and all proceeds traceable thereto

(collectively, the "Defendant Funds").

     2.    The Defendant Funds are subject to forfeiture pursuant to 31 U.S.C. § 5317 as

property involved in or traceable to violations of 31 U.S.C. § 5324.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1355 and 1395 in that the Defendant Funds are found in the Eastern District of New York.

## STATUTORY PROVISIONS

5.      Pursuant to 31 U.S.C. § 5313(a) and its related regulations, when a domestic financial institution, including a bank, is involved in a transaction for the payment, receipt, or transfer of U.S. currency in an amount greater than $10,000, the institution shall file a currency transaction report ("CTR") for each cash transaction, such as, by way of example, a deposit, withdrawal, exchange of currency or other payment or transfer by, through or to a financial institution.  CTRs are filed with the Financial Crimes Enforcement Network on forms that require disclosure of, among other information, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed.  These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on behalf of, the same person and they result in currency either received or disbursed by the financial institution totaling more than $10,000 during any single business day.

6.      Many individuals involved in illegal activities, such as narcotics trafficking, tax evasion and money laundering, are aware of the reporting requirements and take active steps to cause financial institutions to fail to file CTRs in order to avoid detection of the movement of large amounts of cash. These active steps are often referred to as "structuring" and involve making multiple cash deposits or withdrawals in amounts less than $10,000.01 on the same day

2

or consecutive days in order to avoid the filing of CTRs. Structuring is prohibited by 31 U.S.C. § 5324(a)(3).

7. Pursuant to 31 U.S.C. § 5324, it is a crime for an individual to (a) cause or attempt to cause a domestic financial institution to fail to file a CTR, (b) cause or attempt to cause a domestic financial institution to file a report required under § 5313(a) that contains a material omission or misstatement of fact, or (c) structure or assist in structuring any transaction for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a).

8. Pursuant to 31 U.S.C. § 5317, any property involved in or traceable to violations of 31 U.S.C. § 5324 is subject to forfeiture to the United States.

9. In any forfeiture action in which the subject property is cash deposited into a bank account, the government is not required to identify the particular funds involved in the offense, as any funds found in the same account within one year of the date of the offense are subject to forfeiture pursuant to 18 U.S.C. § 984.

## FACTS

10. Americana Tickets NY, LLC is a licensed ticket reseller in the State of New York which sells tickets to the theater, concerts, and sporting events. It is located at 1535 Broadway, 3rd Floor, New York, New York.

11. The Subject Account is a business checking account opened on or about November 17, 2008.

12. During the period from in or around July 2012 through and including in or around January 2013 (the "Relevant Period"), approximately 55 structured cash deposits totaling approximately $476,000 were made into the Subject Account.

13. Many of the structured deposits during the Relevant Period were made on either

the same or consecutive days and were in amounts less than $10,000.01, the threshold amount that would have triggered the filing of a CTR.

14.    During the Relevant Period, there were at least nine instances where multiple cash deposits, each of which was below $10,000 but the aggregate of which far exceeded $10,000, were made on a single business day.

15.    During the Relevant Period, there were no single cash deposits exceeding the sum of $10,000.

16.    The chart below sets forth the date and amount of each of the approximately 55 structured cash deposits during the Relevant Period.

| DATE OF DEPOSIT | AMOUNT OF DEPOSIT |
|---|---|
| July 16, 2012 | $9,000.00 |
| July 17, 2012 | $7,000.00 |
| July 19, 2012 | $9,000.00 |
|  |  |
| July 30, 2012 | $9,000.00 |
| July 30, 2012 | $9,000.00 |
|  |  |
| August 6, 2012 | $9,000.00 |
| August 8, 2012 | $9,000.00 |
| August 10, 2012 | $9,000.00 |
|  |  |
| August 13, 2012 | $9,000.00 |
| August 15, 2012 | $9,000.00 |
| August 17, 2012 | $9,000.00 |
|  |  |
| August 20, 2012 | $9,000.00 |
| August 22, 2012 | $9,000.00 |
| August 23, 2012 | $9,000.00 |
|  |  |
| August 27, 2012 | $9,000.00 |
| August 29, 2012 | $9,000.00 |
| August 31, 2012 | $9,000.00 |

| DATE OF DEPOSIT | AMOUNT OF DEPOSIT |
|---|---|
| October 9, 2012 | $9,000.00 |
| October 10, 2012 | $9,000.00 |
| October 10, 2012 | $9,000.00 |
| October 11, 2012 | $6,000.00 |
| | |
| October 16, 2012 | $9,000.00 |
| October 17, 2012 | $9,000.00 |
| October 17, 2012 | $9,000.00 |
| | |
| October 19, 2012 | $9,000.00 |
| October 19, 2012 | $9,000.00 |
| | |
| October 22, 2012 | $9,000.00 |
| October 22, 2012 | $9,000.00 |
| | |
| October 26, 2012 | $9,000.00 |
| October 26, 2012 | $6,000.00 |
| | |
| November 13, 2012 | $9,000.00 |
| November 14, 2012 | $9,000.00 |
| November 16, 2012 | $9,000.00 |
| | |
| November 19, 2012 | $9,000.00 |
| November 20, 2012 | $4,000.00 |
| November 21, 2012 | $6,000.00 |
| | |
| November 26, 2012 | $9,000.00 |
| November 27, 2012 | $6,000.00 |
| | |
| December 3, 2012 | $9,000.00 |
| December 6, 2012 | $9,000.00 |
| December 10, 2012 | $9,000.00 |
| December 14, 2012 | $9,000.00 |
| | |
| December 17, 2012 | $9,000.00 |
| December 18, 2012 | $9,000.00 |
| December 19, 2012 | $9,000.00 |
| December 20, 2012 | $9,000.00 |

| DATE OF DEPOSIT | AMOUNT OF DEPOSIT |
|---|---|
| December 28, 2012 | $9,000.00 |
| December 28, 2012 | $9,000.00 |
| December 28, 2012 | $9,000.00 |
| | |
| January 3, 2013 | $9,000.00 |
| January 3, 2013 | $9,000.00 |
| January 4, 2013 | $9,000.00 |
| | |
| January 7, 2013 | $9,000.00 |
| January 7, 2013 | $9,000.00 |
| January 8, 2013 | $9,000.00 |
| | |
| **TOTAL:** | **$476,000.00** |

17.     On or about July 8, 2013, United States Magistrate Judge Ramon E. Reyes, Jr. issued a seizure warrant, finding that there was probable cause to believe that at least $476,000 was structured into the Subject Account during the Relevant Period, and that such funds are subject to forfeiture pursuant to 31 U.S.C. § 5317 as property involved in violations of 31 U.S.C. § 5324.

18.     On or about July 8, 2013, agents of the Department of Treasury, Internal Revenue Service, Criminal Investigations executed the warrant issued by Magistrate Judge Reyes, which resulted in the seizure of the Defendant Funds.

## CLAIM FOR RELIEF

19.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 above as if fully set forth herein.

20.     The Defendant Funds were involved in, or are traceable to, violations of 31 U.S.C. § 5324.

21.     As a result of the foregoing, the Defendant Funds, and all proceeds traceable thereto, are liable to condemnation and forfeiture to the United States pursuant to 31 U.S.C. §

6

5317(c).

WHEREFORE, plaintiff, United States of America, requests that a warrant of this Court issue for the arrest of the Defendant Funds; that notice of these proceedings be given to all interested persons; that after further proceedings the Defendant Funds be forfeited and condemned to the use of the United States of America; and that plaintiff be awarded its costs and disbursements in this action, and such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
     October 15, 2013

                                    LORETTA E. LYNCH
                                      United States Attorney
                                      Eastern District of New York
                                      *Attorney for Plaintiff*
                                      271 Cadman Plaza East
                                      Brooklyn, New York 11201

By:     *Melanie D. Hendry*
                                        Melanie D. Hendry
                                        Assistant United States Attorney
                                        (718) 254-6040

## VERIFICATION

Raizel Moskowitz hereby declares as follows:

1.      I am a Special Agent with the Department of Treasury, Internal Revenue Service, Criminal Investigations ("IRS-CI"), and, as such, have knowledge of the facts underlying this action.

2.      I have read the within verified complaint *in rem* and know the contents thereof.

3.      The matters contained in the within verified complaint *in rem* are true and accurate to the best of my knowledge, information and belief.

4.      The source of my information and the grounds for my belief are my personal knowledge, information provided by other law enforcement officers, and the official files and records of IRS-CI and other law enforcement agencies.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: Brooklyn, New York
        October 15, 2013

RAIZEL MOSKOWITZ
Special Agent
Department of Treasury
Internal Revenue Service